IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARICO LATEZ COLLINS BEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-593-WHA-CWB |
| ALABAMA STATE SECRETARY CORP., et al., | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate confined at St. Clair Correctional Facility, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). However, Plaintiff did not submit the $350 filing fee or the $50 administrative fee, nor did he file a properly completed application for leave to proceed *in forma pauperis*. By Orders dated October 11, 2022 (Doc. 3) and October 27, 2022 (Doc. 5), Plaintiff was informed that an ongoing failure to submit the required fees or file a completed application for *in forma pauperis* status would result in a Recommendation of dismissal.

On November 14, 2022, Plaintiff requested additional time for compliance. (Doc. 6). The court in turn afforded Plaintiff until December 7, 2022. (Doc. 7). After Plaintiff failed to take action by that deadline, the court on December 15, 2022 issued yet another Order (Doc. 8) to provide one final opportunity. Plaintiff thereafter filed a new request for *in forma pauperis* status but again failed to include the required financial information. (Doc. 9). Plaintiff thus remains non-compliant with his filing obligations and the prior Orders of this court.

Based on the foregoing history, and because this action cannot proceed absent Plaintiff's participation in the proceedings, the undersigned finds that lesser sanctions than dismissal would not be appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. ... The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."). *See also Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that this case be dismissed without prejudice.

It is ORDERED that any objections to this Recommendation must be filed no later than **January 18, 2023**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 4th of January 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**